IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| JEANIE LEE JULIAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | CASE NO. CIV-12-1275-D |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for disability insurance and social security income benefits under the Social Security Act. United States District Judge Timothy D. DeGiusti referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3) and it is now before the undersigned Magistrate Judge. Upon review of the pleadings, the transcript of administrative proceedings (Tr.) and the parties' briefs, the undersigned recommends that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings.

## ADMINSTRATIVE PROCEEDINGS

Plaintiff protectively filed her applications for benefits on February 9, 2010, alleging that her impairments became disabling on August 17, 2009. Tr. 20, 184. Plaintiff's claim was denied and, at her request, an Administrative Law Judge ("ALJ") conducted a hearing. Tr. 71-73, 76-84, 87-93, 94-95. In his July 22, 2011 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. Tr. 17-34. The Appeals Council of the Social Security Administration declined Plaintiff's

request for review. Tr. 1–6. Plaintiff, through counsel, has sought review of the Commissioner's final decision in this Court. ECF No. 1 (Nov. 19, 2012).

## DECISION OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Plaintiff meets the insured status requirements through March 31, 2013, has not engaged in substantial gainful activity since August 17, 2009, and has severe degenerative disc disease and chronic venous insufficiency. Tr. 22. The ALJ found Plaintiff's medically determinable mental impairments of anxiety and depressive disorder to be non-severe Tr. 22. The ALJ further found that Plaintiff had no impairment or combination of impairments that met or equaled a listing level under 20 C.F.R. Part 404, Subpart P, Ap. 1. Tr. 23.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as follows: stand/walk two hours in an eight hour day; frequently climb ramps, stairs, and ladders/ropes/scaffolds; frequently balance, kneel, crouch, and crawl; and only occasionally stoop. Tr. 23-24. Based on this RFC finding, the ALJ concluded that Plaintiff could perform her past relevant work in "data entry." Tr. 27.

Alternatively, the ALJ found that Plaintiff could perform other work existing in the national economy in substantial numbers, such as receptionist and telephone operator. Tr. 28. Based on these findings, the ALJ found that Plaintiff was not under a disability and thus not entitled to benefits. Tr. 29.

## STANDARD OF REVIEW

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler,* 754 F.2d 326, 328 (10th Cir. 1985). If she carries that burden, the ALJ will conduct a RFC assessment at step four to determine what if anything the claimant can still do despite her impairments. *See* 20 C.F.R. § 404.1545(e); *Andre v. Sec'y of Health & Human Servs.,* 985 F.2d 1045, 1048 (10th Cir. 1993). At the conclusion of step four, Plaintiff once again carries the burden and must show an inability to return to past relevant work. *See* 20 C.F.R. § 404.1520(e); *Potter v. Sec'y of Health & Human Servs.,* 905 F.2d 1346, 1349 (10th Cir. 1990). If Plaintiff meets this burden, the Commissioner bears the burden of showing that a claimant is able to make an adjustment to other work by providing evidence about the existence of work in the national economy given a claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1512(f).

This Court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's "factual findings are supported by substantial

evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue,* 602 F .3d 1136, 1140 (10th Cir. 2010). To that end, reversal is necessary if the ALJ failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler,* 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

## PLAINTIFF'S CLAIMS OF ERROR

In urging the Court to reverse and remand the decision of the Commissioner, Plaintiff contends that the ALJ failed to properly evaluate the medical opinion evidence. Plaintiff's Opening Brief, 15. In particular, that the ALJ failed to follow the treating physician rule with regard to Dr. Michael Morgan, and failed to properly evaluate the mental RFC assessment of state agency medical consultant Janice B. Smith, Ph.D.

Plaintiff argues that it is well-established that an ALJ must evaluate every "medical opinion" in the record, *Salazar v. Barnhart*, 468 F.3d 615, 625-26 (10th Cir. 2006); 20 C.F.R. §§ 404.1527(c), 416.927(c), and that medical opinions offered by a claimant's treating physicians are accorded particular deference. She contends that a treating physician's opinion must be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if the opinion of a claimant's treating physician is not given controlling weight, Plaintiff notes that such opinions "are still entitled to deference" and must be evaluated under certain factors, including: (1) the length of the treatment relationship

and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) the consistency between the physician's opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins*, 350 F.3d at 1300-01 (citation omitted); 20 C.F.R. §§ 404.1527(c), 416.927(c). After considering these factors, the ALJ must then provide good reasons in his decision for the weight he ultimately assigns to the treating physician opinion and must provide "specific, legitimate reasons" if he decides to reject the treating physician's opinion completely. *Watkins*, 350 F.3d at 1301 (citations omitted). Plaintiff argues that an "ALJ's findings must be 'sufficiently specific to make clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reason for that weight.'" *Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011). Plaintiff claims that the ALJ failed as a matter of law to follow these rules with regard to her treating physician, Dr. Morgan. She claims that the ALJ failed to properly evaluate Dr. Morgan's opinions regarding her need to elevate her legs and utilize a walker when ambulating. Plaintiff's Opening Brief, 21 (citing Tr. 26, 306, 401, 436, 454).

The Commissioner responds, conceding that the ALJ did not specify the weight he assigned to any opinion of Dr. Morgan. Commissioner's Brief, 5. However, the Commissioner argues that Dr. Morgan "never issued any classic disability oriented

opinions" and that his opinions are instead "contained within the voluminous treatment notes." *Id.* Finally, the Commissioner argues that any error committed by the ALJ with regard to Dr. Morgan is harmless because the decision reflects that the ALJ considered the evidence and his reasons "why he did not assign more weight to the opinions in question." *Id.* The undersigned is not persuaded, and agrees with Plaintiff that the ALJ erred in his handling of the opinions of Dr. Morgan with regard to her need to elevate her legs and to use a walker while ambulating.

First, the Commissioner's reliance on *Keyes–Zachary v. Astrue,* 695 F.3d 1156 (10th Cir. 2012) to argue that the ALJ's mishandling of the medical opinion evidence was harmless is misplaced. In *Keyes–Zachary,* the Tenth Circuit held that:

> Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting our review, we should, indeed must, exercise common sense. The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection.

*Keyes-Zachary,* 695 F.3d at 1166. In contrast, here, the undersigned cannot determine whether the correct legal standards were applied. Moreover, the omissions are not "merely technical." The ALJ's decision to reject Dr. Morgan's findings regarding Plaintiff's edema and need for a walker had a direct effect on his RFC findings at step four, and a need for a sit/stand option and a walker may have indeed been a factor in the VE's opinion at step five.

The Plaintiff has clearly shown that the ALJ rejected Dr. Morgan's opinions and instead adopted the findings of the state medical consultant. The only statements that

can be referred to in order to glean either the weight of, or reasons for the weight assigned to, the opinions of Dr. Morgan are either not supported by the record (e.g. that Plaintiff had no pitting edema throughout 2010), or are unclear: "she was advised to use her walker ... [h]owever [Dr. Morgan] also discussed exercise with the claimant to improve her mood and energy." Tr. 26. It is unclear whether the ALJ was aware that Plaintiff was indeed observed to have pitting edema, or whether he believed Dr. Morgan's suggestion that Plaintiff exercise more was inconsistent with his opinion that she should use her walker.

The undersigned finds that applying the harmless error doctrine to the ALJ's failure to follow the treating physician's rule in this case would destroy the rule's very purpose: to explain the weight assigned to the opinion in question. To affirm despite this error would require the Court to speculate as to both the weight and the reasons for the weight assigned to the opinions of Dr. Morgan; it would require the Court to serve as fact finder, which is not a proper application of the harmless error doctrine.

Plaintiff also contends that the ALJ erred in his decision to give only "some weight" to the mental RFC assessment of state medical consultant Dr. Smith. Plaintiff's Opening Brief, 21. Plaintiff argues that Dr. Smith's finding that Plaintiff suffers from marked limitations in understanding, remembering and carrying out detailed instructions, as well as interacting with the general public, would have certainly affected Plaintiff's overall RFC had the ALJ accepted them. Plaintiff's Opening Brief, 21. The ALJ's stated reason for the limited weight assigned to Dr. Smith's opinion was that it was based on the opinion of consultative mental status examiner, Dr. Fuchs. *Id.* The ALJ

found Dr. Fuch's opinion to not be supported by "the longitudinal evidence of record," and to be instead based on Plaintiff's subjective reports, and to be inconsistent with his own GAF score assessment. *Id.* at 21-22.

Plaintiff argues that the "longitudinal" evidence is consistent with her claims of disability related to mental limitations. Plaintiff's Opening Brief, 22. She notes that virtually all of her medical providers were seeing her for severe physical problems; yet, she points out the numerous times Dr. Morgan noted her depression. *Id.* With regard to the ALJ's decision to give only some weight to Dr. Smith's opinion because he found Dr. Fuch's opinion to be based on Plaintiff's subjective reports, Plaintiff notes Dr. Fuch's own observations regarding her affect during examination and the results of a standardized Millon Clinical Multiaxial Inventory test. Finally, Plaintiff argues that if the ALJ is not required to discuss low GAF scores in reaching an RFC finding, the same should be true of a higher GAF score. Plaintiff's Opening Brief, 24.

The Commissioner responds that the ALJ acknowledged Dr. Smith's opinion, accorded it some weight, and nonetheless declined to include any mental limitations in his RFC finding. Brief of Commissioner, 11. This, the Commissioner argues, should end the inquiry. Brief of Commissioner, 11. The Commissioner further argues that the ALJ considered the "B" criteria at step two, and properly found Plaintiff's mental impairments to be non-severe. *Id.* She then goes on to argue that the ALJ's decision to only assign some weight to Dr. Smith's opinion was adequately discussed in the decision, and was based on sparse treatment history, conservative treatment, and his finding that Dr. Fuch's opinion was not consistent with the medical record. *Id.* at 12.

The undersigned finds that the ALJ's consideration of Dr. Smith's opinion is confusing at best. Even the expression of his finding as to the lack of mental limitations is a non sequitur: "Consequently, the claimant's mental impairments are *not severe.*" Tr. 27. As the ALJ acknowledged earlier in the opinion, the severity rating of a mental impairment is *not* a residual functional capacity assessment. Tr. 23. Whether the ALJ even considered the more detailed assessment in his handling of the opinion of Dr. Smith is unclear. In any event, the ALJ's reasons for discounting Dr. Fuch's opinion are simply inconsistent with the evidence, and thus limiting the weight assigned to Dr. Smith's opinion because he found Dr. Fuch's opinion to be unfounded makes it unclear if all of the evidence was even considered. Perhaps most troubling is the ALJ's apparent misunderstanding as to the basis for Dr. Fuch's opinion; it is indeed supported by objective as well as subjective evidence.

The ALJ's mishandling of the treating physician opinion of Dr. Morgan requires reversal; on remand, the ALJ should also clarify his findings as to the weight given to evidence of Plaintiff's mental impairment.

**RECOMMENDATION**

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **January 13, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on December 30, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE