IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEANIE L. JULIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV-12-1275-D |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Plaintiff's Application for Award of Attorney's Fees [Doc. No. 20] pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). As Plaintiff correctly states, the EAJA permits an award of attorney fees and expenses to a prevailing plaintiff in certain actions against the government, including Social Security claims. In this case, Plaintiff sought review of the decision of Defendant Commissioner of the Social Security Administration. The Court reversed the Commissioner's decision, and remanded the matter for further administrative proceedings. *See* Order of January 23, 2014 [Doc. No. 19].[2] Defendant does not dispute that Plaintiff is a "prevailing party" within the meaning of the EAJA, and is thus entitled to an award of reasonable attorney fees. *See, e.g., Shalala v. Schaefer*, 509 U.S. 292 (1993).

Plaintiff seeks an award of $7,237.80 in attorney fees and paralegal fees for the services performed in this case. Plaintiff's counsel has submitted documentation reflecting the work

---

[1]Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this case.

[2]By inadvertence, a judgment was not entered simultaneously with the Order. However, a judgment has since been entered. *See* Judgment [Doc. No. 22].

performed and the time incurred for each service rendered to Plaintiff in this action. *See* Attachment 1 to application for fee award. Plaintiff's application also includes legal authority supporting the requested EAJA award, and is accompanied by a copy of Plaintiff's contract for counsel's services in this case and material supporting the reasonableness of the fee charged. *See* Attachments 2-5 to application.

In response, Defendant does not object to the amount of the award requested by Plaintiff. However, Defendant notes that payment must be made directly to Plaintiff as the prevailing party and is subject to offset to satisfy any pre-exiting debt Plaintiff may owe the United States in accordance with *Astrue v. Ratliff*, 560 U.S. 586, 591-595 (2010). Defendant further states that once it is determined Plaintiff owes no debt to the United States that would subject the award to offset, Defendant will, as a courtesy, honor Plaintiff's purported assignment of fees and direct the check to counsel for Plaintiff as requested in Plaintiff's application. In *Ratliff*, the Supreme Court recognized the Commissioner's practice of paying fees directly to the attorney in such circumstances. *Id*. at 597.

The Court has reviewed the documentation submitted by Plaintiff and finds that the requested fee of $7,237.80 is supported by the documentation. Further, the Court finds that the requested amount represents a fair and reasonable fee for the work performed by Plaintiff's attorney in this case. If Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U. S. C. § 406(b), counsel must refund the smaller of the EAJA or the § 406(b) award to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Accordingly, the Court GRANTS Plaintiff's Application for Award of Attorney's Fees [Doc. No. 20] filed on February 11, 2014 and awards Plaintiff legal and paralegal fees pursuant to

the EAJA in the amount of $7,237.80. The Court orders Defendant to pay that amount directly to Plaintiff, subject to offset for debts owed to the United States, if any, in accordance with *Astrue v. Ratliff*, 560 U.S. 800 (2010). Once it is determined by Defendant that Plaintiff owes no debt to the United States that would subject the award to offset, Defendant may then choose to make payment directly to Plaintiff's counsel pursuant to the assignment, but that is a matter for Defendant and not the Court to determine. Finally, if additional legal fees are awarded pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel is ordered to refund the smaller award to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575 (10th Cir. 1986).

IT IS SO ORDERED this 6th day of March, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE