IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEANIE L. JULIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-12-1275-D |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) [Doc. No. 27]. The Commissioner has responded [Doc. No. 28] but declines to assert a position on the reasonableness of the fee request on grounds she is not the true party in interest. Upon consideration of the Motion in light of *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) and *Wrenn v. Astrue*, 525 F.3d 931, 937-38 (10th Cir. 2008) and for the reasons set forth below, the Motion, construed as a motion pursuant to Fed. R. Civ. P. 60(b)(6), is GRANTED.

Ms. Julian retained the law firm of Troutman & Troutman, P.C. to seek judicial review in federal district court of the denial of disability benefits by the Social Security Administration (SSA). The contract between Ms. Julian and the Troutman firm provides for payment of an attorney fee contingent upon Ms. Julian prevailing before the federal court and ultimately being awarded benefits by the SSA. Under the contract, Ms. Julian agrees to a fee in the amount of twenty five percent of any past-due benefits awarded. *See* Motion, Attachment 1.

Plaintiff prevailed in federal court. In an Order [Doc. No. 19] and Judgment dated March 6, 2014 [Doc. No. 23], the Court reversed the decision of the SSA and remanded the case to the Commissioner for further proceedings. Further, the Court awarded to Plaintiff, as the prevailing

party, an attorney fee in the amount of $7,237.80 pursuant to the Equal Access to Justice Act (EAJA). *See* Order [Doc. No. 22].

On remand, Plaintiff was awarded past-due benefits and the SSA withheld twenty five percent of the past due benefits in the amount of $8,703.75 for payment of attorney fees. *See* Motion, Attachment 2. Plaintiff now requests a fee award equal to that same amount. The supporting documents with the Motion, as well as the record, show a total of 41.8 hours of legal work performed on this case (35.6 hours of attorney time and 6.2 hours of paralegal time).

The Court, having reviewed the parties' briefing and the record, finds as follows. Plaintiff's motion for § 406(b) attorney fees is timely. *See McGraw v. Barnhart*, 450 F.3d 493, 505 (2006). The amount of fees sought by Plaintiff's counsel does not exceed the maximum allowable and is reasonable in light of the quality of the work performed before this Court, the number of hours of work expended before this Court, including the hours of work expended by the paralegal, and the result ultimately obtained. *See Gisbrecht*, 535 U.S. at 808-09.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) [Doc. No. 27] is GRANTED. The Court approves an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $8,703.75 to Plaintiff's attorney, Steve A. Troutman of Troutman & Troutman, P.C. Plaintiff's attorney is ORDERED to refund to Plaintiff the amount of $7,237.80 in EAJA fees previously awarded. [Doc. No. 22].

IT IS SO ORDERED this 9th day of July, 2015.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE